**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PATRICK MCNULTY,                          :         Civil No. 3:26-cv-189

       Petitioner                          :         (Judge Mariani)

     v.                                   :         **FILED
SCRANTON**

WARDEN OF FCI-SCHUYLKILL,                  :         MAR 2 0 2026

       Respondent                          :         PER_____
                                             DEPUTY CLERK

## MEMORANDUM

Petitioner Patrick McNulty ("McNulty") initiated the above-captioned action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). McNulty alleges that the Federal Bureau of Prisons ("BOP") incorrectly denied his early release eligibility upon completion of the Residential Drug Abuse Treatment Program ("RDAP"). (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition.

## I.    Background

### A.    McNulty's Criminal History

McNulty is serving a 52-month term of imprisonment imposed by the United States District Court for the Eastern District of Virginia for his conviction of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. (Doc. 7-2, Declaration of BOP Supervisory Attorney Jennifer Knepper ("Knepper Decl."), at 2 ¶ 3; Doc. 7-3, Public Information Inmate Data). According to BOP documentation submitted by

Respondent, McNulty's projected release date, via good conduct time, is June 1, 2028.

(Doc. 7-2, Knepper Decl., at 2 ¶ 3; Doc. 7-3).

B.    Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP

custody, McNulty has not filed any administrative remedies. (Doc. 7-2, Knepper Decl. at 3 ¶

5; Doc. 7-4, Administrative Remedy Generalized Retrieval).

C.    Facts Related to the Residential Drug Abuse Treatment Program

The BOP operates a drug abuse treatment program that identifies inmates in need of

substance abuse treatment. 28 C.F.R. § 550.50 *et seq.* Pursuant to 18 U.S.C. § 3621, the

BOP has the authority to reduce an inmate's sentence for completion of RDAP. 18 U.S.C. §

3621 provides, in relevant part, that "the Bureau of Prisons shall, subject to the availability of

appropriations, provide residential substance abuse treatment...for all eligible prisoners..."

18 U.S.C. § 3621(e)(1)(C). If the inmate complies with RDAP's requirements, the BOP

"*may*" reduce the inmate's term of imprisonment by up to one year. 18 U.S.C. §

3621(e)(2)(B) (emphasis added); *see also* 28 C.F.R. § 550.55(a).

In accordance with BOP Program Statement ("PS") 5331.02, Early Release

Procedures Under 18 U.S.C. § 3621(e), section 7.b, a federal prison's Drug Abuse Program

Coordinator ("DAPC") requests an offense review from the DSCC Legal Department after

he or she determines that the inmate qualifies for participation in the RDAP and is not

otherwise ineligible for early release as a result of one of the conditions identified in PS

2

5331.02, section 7.a. *See* Program Statement 5331.02, Early Release Procedures Under 18 U.S.C. § 3621(e), United States Department of Justice, Federal Bureau of Prisons (May 26, 2016), https://www.bop.gov/policy/progstat/5331.02.pdf (visited March 19, 2026)). The DSCC Legal Department then completes the offense review. *See id.* As part of the offense review, the DSCC Legal Department determines whether an inmate is precluded from receiving early release after reviewing the inmate's current and prior offenses, including the Judgment and Commitment Order and any other relevant sentencing documentation. *See id.* The final decision regarding 18 U.S.C. § 3621(e) eligibility is then transmitted back to the requesting DAPC. *See id.*

The DSCC conducted a review of McNulty's current and prior convictions. (Doc. 7-2, Knepper Decl. at 3 ¶ 9; Doc. 7-5, Request for a § 3621(e) Offense Review, BP-A0942). Following this review, the DSCC noted that McNulty's current conviction was for a conspiracy that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) (28 C.F.R. § 550.55(b)(5)(ii))", and "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii))." (Doc. 7-5, at 2). The DSCC specifically noted that "the [Presentence Report] recommended a +2 [Specific Offense Characteristics] for weapons which was adopted by the court at sentencing." (*Id.*). As a result, the DSCC found that McNulty's conviction precludes him from early release pursuant to 18 U.S.C. § 3621(e)(2)(B). (*Id.* at 2-3).

3

### D.    Claims Raised in the Habeas Petition

In his Section 2241 petition, McNulty alleges that the BOP incorrectly denied his early release eligibility upon completion of RDAP and improperly characterized his conviction as a crime of violence. (Doc. 1). Respondent contends that the Section 2241 petition must be dismissed because McNulty failed to exhaust his administrative remedies. (Doc. 7). Alternatively, Respondent argues that the petition must be dismissed because the Court lacks jurisdiction to hear McNulty's claims and because McNulty is not entitled to early release under the RDAP incentive. (*Id.*).

## II.    **Discussion**

### A.    Exhaustion of Administrative Review

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

4

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate

5

shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that McNulty has not filed a single administrative remedy while in BOP custody. (Doc. 7-4). Rather than comply with the Administrative Remedy process, McNulty entirely bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

McNulty has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. (*See* Docs. 1, 8). Notably, the exhaustion requirement has been applied to claims regarding a prisoner's eligibility to receive a sentence reduction under RDAP. *See, e.g., Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (holding that the court had no subject matter jurisdiction over prisoner's claim concerning transfer to RDAP facility due to prisoner's failure to exhaust BOP remedies); *Monteiro v. Spaulding*, 2021 WL 1721571, *3 (M.D. Pa. April 30, 2021) ("district courts have held that prisoners are still required to exhaust their administrative remedies as to requests for home confinement").

6

The Court finds that McNulty's claim must first be presented to BOP officials and fully exhausted.  Because McNulty did not even attempt to exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

The Court will nevertheless address McNulty's claim regarding the early release incentive under RDAP.

B.      Residential Drug Abuse Treatment Program

The BOP's management of RDAP is governed by 18 U.S.C. § 3621.  When an inmate successfully completes "a program of residential substance abuse treatment," including RDAP, his sentence "*may* be reduced by the Bureau of Prisons" for up to one year.  *See* 18 U.S.C. § 3621(e)(2) (emphasis added); *see also* 28 C.F.R. § 550.55(a).  Pursuant to its authority under the statute, the BOP has passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP.  *See* 28 C.F.R. § 550.55.  These disqualifying offenses include any felony conviction that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives."  28 C.F.R. § 550.55(b)(5)(ii).

Because RDAP placement is discretionary, "many courts have held that they lack jurisdiction to consider challenges to RDAP early release decisions."  *VanOchten v. United States*, No. 1:25-CV-00133, 2025 WL 1644370, at *1 (M.D. Pa. June 9, 2025); *Harvey v. Warden/Superintendent of USP Canaan*, No. 21-CV-02150, 2022 WL 2292006, at *5 (M.D.

7

Pa. June 24, 2022) (listing cases). Regardless, it is clear from the record that McNulty would not be entitled to habeas relief.

McNulty was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846, which disqualifies him from the RDAP reduction. As stated, the DSCC noted that McNulty's current conviction was for a conspiracy that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) (28 C.F.R. § 550.55(b)(5)(ii))", and "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii))." (Doc. 7-5, at 2). Additionally, the DSCC noted that "the [Presentence Report] recommended a +2 [Specific Offense Characteristics] for weapons which was adopted by the court at sentencing." (*Id.*). McNulty nonetheless argues that the BOP's decision to deny him the early release benefit is not in accordance with federal law because his offense is non-violent. McNulty's argument lacks merit.

In *Lopez v. Davis*, the BOP determined that the Section 2241 habeas petitioner, who had been convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, was qualified to participate in RDAP but categorically ineligible for early release if he completed the program because the sentencing court enhanced his sentence by two levels under USSG § 2D1.1(b)(1) after finding that the petitioner possessed a firearm in connection with the offense. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001). The BOP

8

based its ineligibility determination on 28 C.F.R. § 550.58(a)(1)(vi), which was a prior version of the regulation at issue here (28 C.F.R. § 550.55). *See id.*; *see also Hendricks v. Jenkins*, No. 19-cv-4427, 2020 WL 5430821, at *4 (N.D. Cal. Sept. 10, 2020) ("The particular regulation addressed in *Lopez*, former 28 C.F.R. § 550.58, has been redesignated and is now 28 C.F.R. § 550.55." (citing 69 Fed. Reg. 39887-02 (2004))). The *Lopez* Court held that the BOP's regulation "categorically denie[d] early release to prisoners whose current offense is a felony attended by 'the carrying, possession, or use of a firearm.'" *Lopez*, 531 U.S. at 232-33. The Court will dismiss McNulty's habeas petition because the *Lopez* Court squarely rejected the type of claim he asserts in this case.

## III.    Conclusion

For the foregoing reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March ___, 2026

9